COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2024AP2403-CR
2024AP2404-CR
STATE OF WISCONSIN**

Cir. Ct. Nos. 2017CF0596
2017CF2031

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TYRONE T. JOHNSON,

DEFENDANT-APPELLANT.

APPEALS from judgments and orders of the circuit court for Milwaukee County: JEFFREY A. CONEN and MICHELLE A. HAVAS, Judges. *Affirmed*.

Before White, C.J., Colón, P.J., and Donald, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1   PER CURIAM. In this consolidated appeal, Tyrone T. Johnson appeals from two judgments of conviction and the orders denying his postconviction motions. On appeal, Johnson contends that he was deprived of effective assistance of counsel because his trial attorney failed to object as a violation of the Confrontation Clause to testimony regarding a Child Advocacy and Protection Services Sexual Abuse Evaluation (hereinafter "SAE report") from a doctor who did not conduct or write the evaluation. We reject Johnson's argument and affirm.

## BACKGROUND

¶2   This consolidated appeal arises from two separate circuit court cases. On February 6, 2017, Johnson was charged in Milwaukee County Circuit Court Case No. 2017CF596 with one count of first-degree sexual assault of a child, Anna.[1] According to the complaint, Anna alleged that when she was seven or eight years old, she was sexually assaulted by her mother's live-in boyfriend, Johnson, on multiple occasions.

¶3   On April 28, 2017, Johnson was charged in Milwaukee County Circuit Court Case No. 2017CF2031 with one count of first-degree sexual assault of a child, Mia, Anna's sister. According to the complaint, Johnson sexually assaulted Mia when she was between three and five years old.

---

[1] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4) (2023-24), the State uses the pseudonyms "Anna" and "Mia" for the victims, and we do the same.

All references to the Wisconsin Statutes are to the 2023-24 version.

¶4 A joint jury trial took place.[2] The State's witness list included nurse practitioner, Sara Haberlein, who examined Anna and authored a SAE report. Prior to the trial, the State filed a letter adding Dr. Judy Guinn to the witness list, indicating that she "may testify in place of … the [sexual assault examination] nurse regarding the diagnosis of chlamydia by a victim."

¶5 During the trial, the State called several witnesses, including Tammi Daniel, Dr. Guinn, Anna, and Mia. The State also played recorded forensic interviews of Anna and Mia, in which each of them alleged Johnson had sexually assaulted them. Neither the State nor Johnson called Haberlein to testify.

¶6 Relevant to this appeal, Daniel testified that she was Anna's and Mia's foster parent in 2016. While in Daniel's care, Anna disclosed to her caseworker that Johnson had been molesting her. After Anna had a forensic interview, which was arranged by her case manager, Daniel received a call that Anna was diagnosed with chlamydia and needed medication.

¶7 Following Anna's disclosure, Daniel asked Mia if Johnson had ever "hurt her" and Mia said that Johnson had "humped her but it was an accident." Daniel contacted the case manager about Mia's disclosure.

¶8 Dr. Guinn, a pediatrician at Children's Hospital of Wisconsin who specialized in child abuse cases, testified that she reviewed the SAE report, but did not examine Anna. Dr. Guinn testified that the report reflected Anna had

---

[2] The Honorable Jeffrey A. Cohen presided over the trial. The Honorable Michelle A. Havas presided over the postconviction proceedings. For ease of reference, we refer to each as the circuit court.

"disclosed multiple occurrences of penis-to-anus contact by mom's live-in boyfriend."

¶9 Dr. Guinn further testified that the SAE report indicated Anna tested positive for chlamydia. Dr. Guinn explained that chlamydia is a sexually transmitted disease that one catches from the "passage of infected secretions from one person to another's anal/genital area." She also testified that chlamydia can be transmitted from an infected mother at birth, but it only lives in the reproductive tract for up to three years and after that the only way to get it is through sexual contact. Johnson's trial attorney did not object to Dr. Guinn's testimony.

¶10 Anna testified that when she was seven or eight years old, she lived with her siblings, mother, and Johnson. One time she was in her mother's room when Johnson came into the room and pulled off her pants, took his pants off, and touched her butt with his penis. She felt wetness on her butt. Another time, when she was seven, she was getting ready to go to sleep when Johnson came into her room, pulled off her pants, pulled off his pants, and touched her butt with his penis. She pretended to be asleep and felt wetness on her butt. This happened more than two times. She told her mother that these things were happening, and her mother said she would call the police, but she never did.

¶11 Mia testified that she was in her mother's room when Johnson "humped [her] in [her] booty." She explained that Johnson's penis touched her. This happened twice.

¶12 The jury returned guilty verdicts on each charge. Johnson was sentenced to a total of thirty-six years broken down into eighteen years of initial confinement and eighteen years of extended supervision.

¶13     Johnson filed a postconviction motion for a new trial, arguing that the circuit court improperly admitted the victims' recorded statements at trial and that trial counsel was ineffective for failing to object.  After holding the motion in abeyance based on a pending supreme court case, *State v. Mercado*, 2021 WI 2, 395 Wis. 2d 296, 953 N.W.2d 337, the circuit court denied Johnson's motion.

¶14     Johnson's appellate counsel filed a no-merit report.  Subsequently, this court issued an order asking counsel to review whether trial counsel was ineffective for failing to object to Dr. Guinn's testimony about the SAE report, including Anna's report of Johnson's sexual assault and the positive chlamydia test result.  Johnson's counsel agreed that this presented a meritorious issue and requested that the no-merit report be dismissed.  This court dismissed the no-merit report, and Johnson filed a second postconviction motion for a new trial.

¶15     The circuit court issued a briefing schedule and then granted a *Machner* hearing.[3]   At the *Machner* hearing, Johnson called trial counsel to testify.  Trial counsel testified that he had very little independent recollection of Johnson's trial.  Trial counsel testified that he was familiar with the Confrontation Clause, but he did not object to Dr. Guinn's testimony as he "thought it would get in anyway" and knew that he could cross-examine the witness.  Trial counsel denied that this was a "strategic reason."  He testified that he believed the case would have been stronger if he kept out the diagnosis of chlamydia.

¶16     The circuit court denied the motion for new trial.  The court concluded that there was a Confrontation Clause issue with Dr. Guinn's testimony,

---

[3] *See State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

but that allowing her to testify in place of the examining nurse did not constitute ineffective assistance of counsel. The court found that trial counsel should have objected; however, the court found that the information also could have been elicited through Anna or her foster mother and trial counsel did "good work" by "vigorously" cross-examining Dr. Guinn, pointing out that Johnson was never tested for chlamydia, and pointing out that Anna did not have any injuries. This appeal follows.

## DISCUSSION

¶17 On appeal, Johnson renews his argument that trial counsel was ineffective for failing to object to Dr. Guinn's testimony regarding the SAE report as a violation of the Confrontation Clause.

¶18 The Confrontation Clauses of the United States and Wisconsin Constitutions guarantee criminal defendants the right to confront witnesses against them. U.S. CONST. amend. VI; WIS. CONST. art. I, § 7. In *Crawford v. Washington*, 541 U.S. 36 (2004), the United States Supreme Court held that "[t]estimonial statements of witnesses absent from trial [can be] admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." *Id.* at 59; *Smith v. Arizona*, 602 U.S. 779, 784 (2024).

¶19 To prevail on a claim of ineffective assistance of counsel, a defendant must prove both that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a defendant fails to prove one prong of this test, a court need not consider the other prong. *Id.* at 697.

¶20 Whether a defendant was deprived of effective assistance of counsel presents a mixed question of law and fact. *State v. Gutierrez*, 2020 WI 52, ¶19, 391 Wis. 2d 799, 943 N.W.2d 870. We will uphold the circuit court's findings of fact unless they are clearly erroneous. *Id.* Whether trial counsel's performance was deficient and prejudicial is a question of law that we review independently. *Id.*

¶21 Here, even if we were to assume that trial counsel performed deficiently, Johnson has failed to meet his burden to establish prejudice under the particular facts of this case.

¶22 To demonstrate prejudice, a defendant must show there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

¶23 Johnson contends that he was prejudiced because Dr. Guinn was allowed to testify about Anna's statements in the SAE report and the results of the chlamydia test.

¶24 First, in regards to the chlamydia test result, Anna's foster mother, Daniel, had already testified that Anna tested positive for chlamydia and had to be treated with antibiotics. Thus, this fact was before the jury even without Dr. Guinn's testimony and the SAE report.

¶25 Second, in regards to Dr. Guinn's testimony about Anna's allegations of sexual assault, there was other corroborating evidence presented to support Anna's allegations of sexual assault. Daniel testified that Anna disclosed

the sexual abuse to her case worker. Additionally, the jury heard Anna's recorded interview regarding the sexual assault.

¶26    Thus, even if trial counsel had objected and successfully excluded Dr. Guinn's testimony regarding the SAE report, there is not a reasonable probability that "the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. The jury had already been informed that Anna tested positive for chlamydia and her allegations of sexual abuse were corroborated by other evidence. Accordingly, Johnson has failed to meet his burden to establish that he was deprived of effective assistance of counsel. *Id.* at 687, 697.

*By the Court.*—Judgments and orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.